IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

---

Edward P. Starnes,                         )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )        Civil Action No.  3:14-CV-297
                                           )
Asset Acceptance, LLC,                     )        Jury Trial Demanded
                                           )
            Defendant                      )
                                           )

---

## COMPLAINT

---

### INTRODUCTION

1.      This is an action for damages against the Defendant for violations of the Fair Debt

Collection Practices Act, 15 U.S.C. §§1692 et seq.

### JURISDICTION

2.      Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §1692k(d)

and 28 U.S.C. §1331 (federal question jurisdiction).

3.      This action arises out of violations of the Fair Debt Collection Practices Act, 15

U.S.C. §§1692 et seq. (hereafter referred to as "FDCPA") by Defendant, in its illegal efforts to

collect a consumer debt.

4.      Venue is proper in this District because the acts and transactions occurred here,

Defendant transacts business here and Plaintiff resides here.

1

## PARTIES AND PERSONAL JURISDICTION

5.     Plaintiff, Edward P. Starnes (hereafter referred to as "Plaintiff" and/or Mr. Starnes") is a resident of this State, District and Division who is authorized by law to bring this action.

6.     Defendant Asset Acceptance, LLC (hereafter referred to as "Defendant Asset") is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a limited liability company organized in Delaware, with its principal office located at 28405 Van Dyke Avenue, Warren, MI 48093-7132 and maintains Corporation Service Company, 2908 Poston Avenue, Nashville, TN 37203-1312, as its registered agent for service of process.

7.     Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

8.     Defendant alleges Plaintiff incurred an obligation to pay money arising out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

9.     Within a year prior to the filing of this Complaint, on or about June 28, 2013, Defendant Asset sent a collection letter dated June 28, 2013 to Mr. Starnes.

10.     The June 28, 2013 collection letter from Defendant Asset was a "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the June 28, 2013 collection communication is attached hereto as Exhibit A and is incorporated herein by reference.

11.     The June 28, 2013 collection letter stated (a) that Defendant Asset's client and the original creditor on the account was Household Finance, (b) the last four digits of the original creditor account were 2604, (c) the last four digits of Defendant Assets account were 3759, and (4) the Plaintiff owed a balance of $25,764.72.

12.     Thereafter, Mr. Starnes received a subsequent collection letter from Defendant Asset approximately two (2) months later dated August 31, 2013.

13.     The August 31, 2013 collection letter from Defendant Asset was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2).   A copy of the August 31, 2013 collection communication is attached hereto as Exhibit B and is incorporated herein by reference.

14.     The August 31, 2013 collection letter stated (a) that Defendant Asset's client and the original creditor on the account was Household Finance, (b) the last four digits of the original creditor account were 2604, (c) the last four digits of Defendant Asset's account were 3759, and (4) the Plaintiff owed a balance of $26,303.53.

15.     Thereafter, Mr. Starnes received a subsequent collection letter from Defendant Asset approximately one (1) month later dated September 30, 2013.

16.     The September 30, 2013 collection letter from Defendant Asset was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2).   A copy of the September 30, 2013 collection communication is attached hereto as Exhibit C and incorporated herein by reference.

17.     The September 30, 2013 collection letter stated (a) that Defendant Asset's client and the original creditor on the account was Household Finance, (b) the last four digits of the original creditor account were 2604, (c) the last four digits of Defendant Asset's account were 3759, and (4)

the Plaintiff owed a balance of $26,486.31.

18.  Thereafter, Mr. Starnes received a subsequent collection letter from Defendant Asset approximately one (1) month later dated October 31, 2013.

19.  The October 31, 2013 collection letter from Defendant Asset was an additional "communication" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the October 31, 2013 collection communication is attached hereto as Exhibit D and is incorporated herein by reference.

20.  The October 31, 2013 collection letter stated (a) that Defendant Asset's client and the original creditor on the account was Household Finance, (b) the last four digits of the original creditor account were 2604, (c) the last four digits of Defendant Asset's account were 3759, and (4) the Plaintiff owed a balance of $26,562.46.

21.  Thereafter, Mr. Starnes received eight (8) subsequent collection letters from Defendant Asset, each approximately one (1) month apart, dated November 30, 2013, December 31, 2013, January 31, 2014, February 28, 2014, march 31, 2014, April 30, 2014, May 31, 2014 and June 30, 2014.

22.  The collection letters from Defendant Asset were additional "communications" made in connection with collection of a debt and in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2). A copy of the collection communications are attached hereto as collectively Exhibit E and incorporated herein by reference.

23.  Each and every collection letter stated (a) that Defendant Asset's client and the original creditor on the account was Household Finance, (b) the last four digits of the original creditor account were 2604, (c) the last four digits of Defendant Asset's account were 3759, and (4) the Plaintiff owed a balance of $26,562.46.

4

24.     Plaintiff has made no payments to the above-referenced account since prior to the June 28, 2013 collection letter.


## CAUSES OF ACTION
### FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

25.     Mr. Starnes incorporates the allegations set forth in Paragraphs 1 through 24 above as if set forth fully herein.

26.     The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.  Defendant's violations of the FDCPA include, but are not limited to, the collection of amounts neither expressly authorized by the agreement creating the debt nor permitted by law in a violation of 15 U.S.C. §1692f(1).

27.     The actual amount of the alleged debt is certainly in question.  It is overly confusing as to what amount is owed on this account since the amount of $25,764.72 is demanded in the Defendant's collection letter dated June 28, 2013; then the balance increases to $26,303.53 pursuant to Defendant's collection letter dated August 31, 2013; then the balance increases to $26,486.31 pursuant to Defendant's collection letter dated September 30, 2013; then the balance increases to $26,562.46 pursuant to Defendant's collection letter dated October 31, 2013.  Thereafter for nine (9) consecutive months from October 31, 2013 through June 30, 2014, the balance remains $26,562.46 pursuant to Defendant's collection letters dated November 30, 2013, December 31, 2013, January 31, 2014, February 28, 2014, March 31, 2014, April 30, 2014, May 31, 2014 and June 30, 2014.

28.     A simple understanding of accruing interest shows that the amounts demanded by Defendant is a result of Defendant's efforts to keep Mr. Starnes confused as to the amount owed

since they are completely random and accrue incalculable rates of interest that are neither authorized in the agreement creating the debt nor permitted by law.

29.     A calculation of the Defendant's demands of various balances on this account demonstrates interest accruing on the account at a rate of 11.927% based upon an annual percentage rate ("APR") from the June 28, 2013 collection letter demanding $25,764.72 to the August 31, 2013 collection letter demanding $26,303.53. See Exhibits A & B.

30.     Mr. Starnes asserts that his interest rate on the Household Finance account ending in 2604 was never 11.927% APR.

31.     A calculation of the Defendant's demands of various balances on this account demonstrates interest accruing on the account at a rate of 8.454% based upon an annual percentage rate ("APR") from the August 31, 2013 collection letter demanding $26,303.53 to the September 30, 2013 collection letter demanding $26,486.31. See Exhibits B & C.

32.     Mr. Starnes asserts that his interest rate on his Household Finance account ending in 2604 was never 8.454% APR.

33.     Further, a calculation of the Defendant's demands of various balances on this account demonstrates interest accruing on the account at a rate of 3.385% based upon an annual percentage rate ("APR") from the September 30, 2013 collection letter demanding $26,486.31 to the  October 31, 2013 collection letter demanding $26,562.46.  See Exhibits C & D.

34.     Mr. Starnes asserts that his interest rate on the Household Finance account ending in 2604 was never 3.385% APR.

35.     By demanding amounts that increase at a rate of interest which is inconsistent with the contractual rate of interest, and then the amount sought remaining the same for nine (9) consecutive months, Defendant has confused Mr. Starnes as to what amount of money he owes

6

on this account.

36.     When Defendant realized it could not collect an unauthorized, inflated, balance amount, it then inexplicably kept the collection amount the same for nine (9) consecutive months. See Exhibit E.

37.     Mr. Starnes asserts that the constantly changing balances demanded by Defendant demonstrate that the Defendant does not have actual knowledge of the correct amount owed on this account, if any.

38.     Mr. Starnes asserts that the constantly changing balances demanded by Defendant demonstrate that the Defendant does not have actual knowledge of the correct amount of interest applicable to this account, if any.

39.     Mr. Starnes further asserts that Defendant is attempting to keep him confused as to the amount owed, so that if he were to make payments on this account he would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by him..

40.     Defendant's collection letters never assert that interest and/or fees are accruing or at what rate interest/fees are accruing, late charges and other charges may vary from day to day, and therefore even if Mr. Starnes were to pay the full amount demanded of him, Defendant may still seek more from him in the future.

41.     The collection letters from Defendant assert varying balances owed, and after calculating the time that had passed between the letters and the change in the amount demanded, it is obvious the interest and fees charged were not applied consistently and thus could not be in compliance with the original agreement creating the debt.

7

42.     As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

<u>SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:<br>THE USE OF FALSE, DECEPTIVE OR MISLEADING REPRESENTATIONS AS TO THE<br>AMOUNT OF THE ALLEGED DEBT</u>

43.     Mr. Starnes incorporates the allegations set forth in Paragraphs 25 through 42 above as if set forth fully herein.

44.     The acts of Defendant constitute violations of the FDCPA.  Violations by the Defendant of the FDCPA include, but are not limited to, the use of false, deceptive or misleading representations in connection with the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2)(A).

45.     Collection communications from Defendant Asset from June 28, 2013 through October 31, 2013 and inexplicable  remains consistent between November 30, 2013 through June 30, 2014.

46.     As more fully described in the first cause of action *supra*, a calculation of the time between the collection letters and the amounts sought shows that each and every collection effort has accrued a different amount of interest, and none of them applied the contractual rate of interest or an amount permissible by applicable law.

47.     By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, Defendant has confused Mr. Starnes as to what amount of money is owed on this account.

48.     Mr. Starnes is confused as to who is owed and what amount on this account since the Plaintiff has received various collection letters with varying balances and non-contractual interest rates applied.

49.     As a result of Defendants actions, Plaintiff is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.


## TRIAL BY JURY

50.     Mr. Starnes incorporates the allegations set forth in Paragraphs 43 through 49 above as if set forth fully herein.

51.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.


## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a)     That Plaintiff be awarded actual damages pursuant to 15 U.S.C. §1692k(a)(1) in an amount to be determined at a trial by a jury;

b)     That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c)     That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);


d)     That the Court declare all defenses raised by Defendant to be insufficient; and

e)     That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 27th day of June, 2014.


Edward P. Starnes


BY:   /s/ Brent Travis Strunk _____
      Brent Travis Strunk (BPR 023050)
      Attorney for Plaintiff


Brackett and Strunk, PLLC
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
865-688-0868
(f) 865-688-2950
consumerbk@comcast.net